# JOSÉ SOSA OLIVA, Complainant,

*v.*

# JOSÉ G. CALDERON AND JUAN GONZALEZ, Dfts.

San Juan, Equity, No. 977.

IN THE MATTER OF PRELIMINARY INJUNCTION.

Parties—Citizenship.

    1. Where a person has been naturalized by an order of this court, such order cannot be attacked collaterally, and may only be set aside in a direct proceeding for that purpose.

Equity—Injunction *Pendente Lite.*

    2. An injunction *pendente lite* should not be granted except in aid of an admitted or clear legal right, and in a case of great doubt the discretion of the court should be exercised against such a writ.

Opinion filed August 24, 1916.

*Mr. J. R. F. Savage* for complainant.

*Mr. F. H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

In this case the return denies several vital allegations of the complaint, but is not under oath. As the application was tried upon the proof however, this may not be material.

NOTE.—As to right to a preliminary injunction which would have the effect of transferring possession of property from defendant to plaintiff, see note in 39 L.R.A.(N.S.) 31.

Oliva v. Calderon.

1. The defendants set up that the plaintiff is not a citizen of the United States, and so is not competent to sue in this court. The proof and admissions of parties are that he was naturalized by an order of this court, obtained at the instance of the present defendants' counsel. The order was regularly made by this court and was not appealed. It has not been the practice of this court of late years to grant naturalization papers, but the law has apparently been amended since the proceedings in question, and it would not be well in a collateral proceeding like the present to declare prior proceedings invalid. It would affect a great many citizens unnecessarily. Until attacked directly the order will not be reconsidered in any way.

2. The facts adduced upon the trial seem to show that the land between the fence and stream is claimed by both parties; and it is not at all clear upon the record or upon possession that the plaintiff is in the right. An injunction pendente lite should not be granted except in aid of an admitted or a clear legal right. In case of great doubt, such as is now before the court, the discretion of the court should be exercised against such a grant. This is of course not at all deciding that the plaintiff may not be entitled to this or any other remedy upon the final hearing, because the court has no means of knowing what the evidence on the merits will be. It seems better, however, to deny the injunction at this time.

The rule to show cause is therefore discharged and the application for an injunction pendente lite is denied.